

H. Nelson Meeks CBN #175800
LAW OFFICES OF H. NELSON MEEKS
870 Market Street, Suite 700
San Francisco, CA 94102
(415) 989-9915
(415) 989-9914 (FAX)

Attorney for **Plaintiffs**

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
AT SAN FRANCISCO

| | |
|---|---|
| BERNAVE ALCARAZ AND MARIA VICTORIA ALCARAZ, A MARRIED COUPLE, AND E.V.A., C.A., AND S.A., THEIR MINOR CHILDREN, BY THEIR GUARDIAN AD LITEM, BERNAVE ALCARAZ<br><br>PLAINTIFFS,<br><br>v.<br><br>THE UNITED STATES, AND<br><br>DOES 1 -- 100<br>Defendants. | CASE NO: **C 13-00511   MMC**<br><br>**Agency Number: A 076 690 036**<br><br>**VERIFIED PETITION TO APPROVE COMPROMISE AND [~~PROPOSED~~] ORDER APPROVING SETTLEMENT OF PENDING ACTION BY MINORS: E.V.A, C.A. AND S.A.** |

## SUMMARY OF PETITION

The original complaint in this action alleged that the minor children in this action suffered emotional distress on account of their mother, MARIA, having been wrongfully removed from the United States. The causes of action related to MARIA's alleged wrongful removal have been dismissed. In sum, nine causes of action were originally pled and only two survived. The surviving causes of action related solely to injuries suffered by MARIA in connection with (i) how she was treated by immigration officers while in custody in San Diego, and (ii) her physical transport from San Diego to Mexico. The remaining causes of

action did not relate to injuries allegedly suffered by the minor plaintiffs [hereinafter "MINORS"] in this case. Nevertheless, the children plaintiffs have a pending action despite the fact that the government's motion to dismiss was granted because the court's order on that motion was not a final judgment.

### PETITION FOR APPROVAL OF COMPROMISE OF PENDING ACTION

1. PETITIONER, Bernave Alcaraz [hereinafter "Bernave"], is the husband of Maria Alcaraz [hereinafter, "MARIA"] and is the father of three U.S. citizen children who are the children plaintiffs in this case known as E.V.A, C.A. AND S.A ( or collectively, "MINORS").

2. <u>Claimants/Minor Children</u>:

| Name | Birthdate | Sex |
|---|---|---|
| ███████ | ███████ | F |
| ███████ | ███████ | F |
| ███████ | ███████ | F |

3. <u>Relationship</u>: E.V.A., C.A. and S.A. are the minor children of MARIA and BERNAVE. The children reside with their parents in Sonoma County, California. BERNAVE has petitioned the court and has been named their guardian ad litem.

4. <u>Nature of Claim</u>: This claim originally consisted of nine causes of action alleging, among other things, injuries suffered by the minor children on account of their mother having been wrongfully removed from the United States. All of the causes of actions related to injuries suffered by the minor children have been dismissed, but a final judgment has not been entered on the dismissal. The United States has offered to settle this action in the amount of Ten Thousand Dollars ($10,000.00) ("Settlement Amount), including the claims of the minor plaintiffs, based on the terms and conditions set forth in the Stipulation for Compromise Settlement and Release ("Stipulation") attached hereto as Exhibit A, subject

to court approval on behalf of the minor plaintiffs and approval by the Attorney General of the United States or his designee. PETITIONER seeks an Order approving the settlement on behalf of minors E.V.A, C.A., and S.A. and authorizing him to sign the Stipulation on behalf of minors E.V.A, C.A., and S.A.

5. Petitioner has made a careful and diligent inquiry and investigation to ascertain the facts relating to the incident which the claimants were injured; the responsibility for the incident; and the nature, extent, and seriousness of the claimants' injuries. Petitioner fully understands that if the compromise proposed in this petition is approved by the court and is consummated, the claimants will be forever barred from seeking any further recovery of compensation from the settling defendants named in this complaint even though the claimants' injuries may in the future appear to be more serious than they are now thought to be.

6. <u>The MINORS' medical expenses, including medical expenses paid by petitioner and insurers, to be reimbursed from the proceeds of settlement</u>: $1,500 will be paid by the parents of the minor plaintiffs for therapist visits. There are no liens. The minor plaintiffs visited therapists on three occasions.

7. <u>The attorney's fees owed by MINORS, which are limited to not more than 25% of the Settlement Amount pursuant to 28 U.S.C. § 2678, and all other expenses (except medical expenses), including expenses advanced by MINORS' attorney or paid or incurred by petitioner to be reimbursed from proceeds of settlement or judgment.</u>

8. <u>Reimbursement of expenses paid by petitioner</u>: Petitioner owes $1,500 for therapy treatments received by the MINORS.

9. <u>Net Balance of Proceeds for the MINORS</u>: $0.00.

10. <u>Summary</u>:
    a. *Gross Amount of Proceeds for all Plaintiffs:*   $10,000.00
    b. *Medical expenses to be paid from proceeds:*   $0.00
    c. *Attorney Fees from Claimants' proceeds (not to exceed*

    d.  *25% of the Settlement Amount):*                                        $2,500.00

    e.  *Expenses:*                                                                         $2,123.37

    f.  *Balance to Plaintiffs:*                                             $5,376.63

Dated: July 2, 2014

                                          Respectfully submitted,

                                          _____
                                          H. Nelson Meeks, Esq.
                                          Attorney for PLAINTIFFS

Law Offices of H. Nelson Meeks
870 Market Street, Suite 700
San Francisco, CA 94102

## [~~PROPOSED~~] ORDER

The Court has reviewed the Stipulation, ~~taken testimony, if necessary~~, and heard arguments in favor of this settlement. The Court is fully informed of the specifics of the full and final terms and conditions of the settlement, including the necessity of the approval by the Attorney General of the United States. The Court finds that the terms and conditions of this settlement, as set forth in the Stipulation, are fair, reasonable, and in the best interests of the minor plaintiffs, E.V.A, C.A., and S.A.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the settlement is hereby approved.

IT IS FURTHER ORDERED that Petitioner is hereby authorized and required to sign the Stipulation and any other documents that are necessary to consummate this settlement on behalf of the minor plaintiffs, E.V.A, C.A., and S.A.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the cash settlement amount of $10,000.00 (hereinafter "Settlement Amount") shall be distributed according to the terms and conditions of the Stipulation.

The Court finds that the amount of $ 2500.00 constitutes fair and reasonable attorney's fees in this action and does not exceed the statutory maximum of twenty-five percent allowed under the Federal Tort Claims Act (28 U.S.C. § 2678). The Court further finds that the costs and expenses associated with the litigation are $ 2123.37 , and that such costs and expenses are fair, reasonable, and necessary. Accordingly, IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that such attorney's fees, costs, and expenses are approved and are to be paid as provided in the Stipulation.

The Court finds that Plaintiffs are responsible for paying or resolving any liens or claims for payment or reimbursement, including any liens or claims for payment or reimbursement by

Medicaid, Medicare, or healthcare providers. IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that after the payment of the attorney's fees, costs, and expenses approved herein, and after paying or resolving any currently known liens or claims for payment or reimbursement, the balance of the Settlement Amount shall be paid to Plaintiffs.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Plaintiffs, upon final execution of the Stipulation and upon receipt of the Settlement Amount shall cause their counsel to file with this Court within two (2) business days of receiving said Settlement Amount a dismissal of this action in its entirety with prejudice, with each party bearing its own costs, expenses, and fees.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Court shall not retain jurisdiction over the action against the United States or the settlement.

DATE: July 11, 2014

_____
Maxine M. Chesney
United States District Judge